ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ISMAEL MATEO RAMÍREZ<br><br>Recurrente<br><br>v.<br><br>JUNTA EXAMINADORA DE PERITOS ELECTRICISTAS DE PUERTO RICO<br><br>Recurrido | TA2026RA00344 | *Revisión Judicial* procedente de la Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>Caso: *In Re*: Ismael Mateo Ramírez<br><br><br>Sobre: Reconsideración de puntuación de examen práctico perito electricista |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 25 de junio de 2026 la parte recurrente, Sr. Ismael Mateo Ramírez, compareció ante este foro revisor por derecho propio, mediante un recurso de revisión judicial.[1] Impugnó la *Resolución* emitida el 23 de enero de 2026 por la parte recurrida, Junta Examinadora de Peritos Electricistas de Puerto Rico.[2] El recurrente adujo que la determinación administrativa fue notificada por correo electrónico el día 28 de enero de 2026, pero no adjuntó evidencia a esos fines. Empero, surge del expediente que la *Solicitud de Reconsideración* presentada el 17 de febrero de 2026,[3] fue acogida por la parte recurrida, conforme se desprende de la *Resolución* emitida el 6 de marzo de 2026.[4]

Así las cosas, transcurrieron noventa (90) días desde la presentación de la *Solicitud de Reconsideración*, esto es el 18 de mayo de 2026, sin que la parte recurrida se hubiere pronunciado en torno a la petición del recurrente ni prorrogado el término por justa causa. Por lo tanto, el ente

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones.
[2] *Id.*, Anejo I.
[3] *Id.*, Anejo II.
[4] *Id.*, Anejo III.

administrativo perdió jurisdicción y la parte recurrente tenía hasta el 17 de junio de 2026 para acudir ante nos en revisión judicial. Sin embargo, según mencionamos, no fue hasta el día 25 siguiente que presentó ante esta curia intermedia el recurso del título.

La Sección 4.2 de la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAUG), dispone que "una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia". 3 LPRA sec. 9672. Con relación a la resolución administrativa que resuelve una solicitud de reconsideración oportuna, en su parte pertinente, la Sección 3.15 de la LPAUG dispone que "deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un periodo que no excederá de treinta (30) días adicionales". 3 LPRA sec. 9655.

Luego de examinado el expediente de autos, prescindimos de la postura de la parte recurrida, conforme provee la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, según enmendada, pág. 15, 215 DPR __ (2025). Asimismo, toda vez que adolecemos de autoridad jurisdiccional para dirimir los méritos de la causa, al amparo de la Regla 83(B)(1) de nuestra

reglamentación, *supra*, pág. 115, desestimamos el *Recurso de Revisión Administrativa*, al presentarse fuera del término estatutario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones